IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAO QIN, | : |
|     *Plaintiff*, | : |
| | : |
| v. | :   CIVIL ACTION |
| | :   NO. 22-3264 |
| TRAVELERS PERSONAL INSURANCE | : |
| COMPANY, | : |
|     *Defendant.* | : |

**MEMORANDUM OPINION**

**Scott, J.**                                                                                              **December 15, 2023**

In this action removed from the state court, the plaintiff, Tao Qin, seeks payment of an insurance claim for damage to his rental property under a homeowner's policy he had with the defendant, Travelers Personal Insurance Company. After Travelers denied the claim on grounds that the property had been vacant for more than sixty days prior to the time of the loss, Mr. Qin filed this action, asserting claims for breach of contract, violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201, *et seq.* ("UTPCPL"), and violation of Pennsylvania's Bad Faith Statute, 42 Pa. C.S. § 8371. Moving to dismiss the bad faith claim for failure to state a claim under Fed. R. Civ. P. 12(b)(6),[1] Travelers contends that Mr. Qin's claim must fail because he has not pled facts showing that it denied his claim in bad faith.

For the reasons that follow, the Court concludes that Mr. Qin has failed to state a bad faith claim, and will grant Travelers' motion to dismiss the bad faith claim.

---

[1] Travelers also moved to dismiss the UTPCPL claim. However, Qin has agreed to the dismissal of his UTPCPL claim with prejudice. *See* Pl.'s Answer to Mot. to Dismiss Counts II and III of Complaint ("Pl.'s Answer") (ECF No. 11) at 2. Therefore, we only address Traveler's motion to dismiss the bad faith claim in this Memorandum Opinion.

## BACKGROUND

According to the complaint, Mr. Qin purchased a homeowner's insurance policy with Travelers insuring his residential rental property in Philadelphia. Compl. (ECF No. 1-1) ¶¶ 4–5. In September of 2021, Mr. Qin's property was damaged by his tenants and/or their associates. *Id.* ¶¶ 4–5, 7. He submitted a claim under his homeowner's policy to Travelers for damages in the amount of $26,287.00. *Id.* ¶¶ 5, 9. Mr. Qin alleges that Travelers had to get court-ordered access to the premises in order to inspect the property for the claimed damages. *Id.* ¶ 7. After inspecting the premises, Travelers denied the claim on the ground that the property was vacant for more than sixty days prior to the date of loss, which the policy does not cover. *Id.* ¶ 10. Mr. Qin contends that this was a "false" basis to deny the claim because he "provided [Travelers] with proof to the contrary." *Id.* He further alleges that Travelers "misrepresent[ed] the facts as it relates [sic] presence of individuals on the premises and us[ed] that as a basis to deny the claim. *Id.* ¶ 20. Mr. Qin claims that Travelers violated Pennsylvania's Bad Faith Statute because it "has no basis in law or contract to refuse to pay the claim presented and used a false scenario to deny coverage." *Id.* ¶ 23.

In its motion, Travelers contends that Mr. Qin's bad faith claim must be dismissed because he has failed to specify what aspect of Travelers' assertion that the property was vacant at the time of the loss was false or what "proof to the contrary" he provided. *Id.*

## LEGAL STANDARDS

*Motion to Dismiss Standard*

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences are drawn in the plaintiff's favor.  *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991)).  However, the plaintiff must allege facts necessary to make out each element of each claim he asserts.  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 563 n.8).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

*Bad Faith Standard*

Pennsylvania provides a statutory remedy "for an insurer's bad faith in acting upon an insured's claim." *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 190–91 (3d Cir. 2021) (citing 42 Pa. C.S.A. § 8371).  To prevail on a bad faith claim, the "plaintiff must demonstrate, by clear and convincing evidence, (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim." *Berg v. Nationwide Mut. Ins. Co., Inc.*, 235 A.3d 1223, 1232 (Pa. 2020) (quoting *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017)).  "[P]roof of the insurer's subjective motive of self-interest or ill-will . . . is not a necessary

prerequisite to succeeding in a bad faith claim." *Id.* At the same time, negligence or bad judgment is not enough to support a bad faith claim. *Rancosky*, 170 A.3d at 374–75.

## DISCUSSION

The crux of Mr. Qin's bad faith claim is his allegation that in order to deny his insurance claim, Travelers "falsely asserted" that the property was vacant for more than 60 days prior to the date of loss, "despite having been provided with proof to the contrary." Compl. ¶ 10. Travelers contends that the bad faith claim is only a disagreement over the interpretation of the Policy's terms and conditions, which is the basis for a breach of contract claim, not a bad faith claim. Travelers' Brief in Support of Mot. to Dismiss (ECF No. 10-1) ("Def.'s Brief") at 2, 9. It argues that Mr. Qin's bad faith claim must fail because he has not pled any facts showing that the property was not vacant at the time of the loss, nor has he specified what "proof to the contrary" he provided to Travelers. Def.'s Brief at 2, 9. In addition to Mr. Qin's "conclusory accusations of falsity," Travelers notes that he "alleges no facts indicating that Travelers applied an unreasonable, unwarranted, or unjustified interpretation" of the terms of the insurance policy. Def.'s Brief at 12.

Mr. Qin disagrees, contending that his

> factual allegations, in conjunction with the allegations pertaining to bad faith conduct, support the reasonable inference that Defendant knew it lacked a reasonable basis to deny Plaintiff's claim, thereby acting in bad faith when it denied Plaintiff's claim.

Pl.'s Answer at 11. Then, pointing to the paragraph in the complaint alleging that Travelers "falsely asserted" that the property was vacant for more than sixty days prior to the date of loss, he argues that

> [t]his averment meets the requirements that Defendant, knowingly did not have a reasonable basis for denying benefits under the policy as the property was not vacant and that the defendant disregarded

      this in denying the claim.

Pl.'s Answer at 12 (citing Compl. ¶ 10).

      Mr. Qin does not allege any facts that support his claim for bad faith. He makes the conclusory legal statements that Travelers "misrepresent[ed] the facts as it relates [sic] presence of individuals on the premises" and "falsely asserted" that the property was vacant for more than sixty days prior to the date of loss "despite having been provided with proof to the contrary." But he fails to allege facts showing that the property was not vacant for more than sixty days prior to the date of loss, or that he provided Travelers with such proof. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient. *Iqbal*, 556 U.S. at 678. Without pleading sufficient facts, the allegations in the complaint fail to satisfy the two prongs necessary to establish a bad faith claim, namely that the insurer lacked a reasonable basis for denying benefits under the policy, and it knew or recklessly disregarded its lack of a reasonable basis in denying the claim. Therefore, the Court concludes that Mr. Qin has failed to state a claim for bad faith against Travelers.

## CONCLUSION

      Because Mr. Qin agrees to the dismissal of his UTPCPL claim in Count II of the complaint, the Court grants Travelers' motion to dismiss that count. Because the complaint lacks factual allegations that support the elements of a bad faith claim, the Court grants Travelers' motion to dismiss the bad faith claim in Count III of the complaint.

                                                     **BY THE COURT:**

                                                     /s/ Kai N. Scott
                                                     **HON. KAI N. SCOTT**
                                                     **United States District Court Judge**